ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 28 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BAMIDELE MURAINA<br>GABRIEL MUTAMBO KALEMBO | Criminal Indictment<br><br>No. **1:20CR284** |

THE GRAND JURY CHARGES THAT:

### Count One
### (Money Laundering Conspiracy – 18 U.S.C. § 1956(h))

1. Beginning on a date unknown, but from at least on or about February 12, 2020, and continuing through at least in or about May 2020, in the Northern District of Georgia and elsewhere, the Defendants, BAMIDELE MURAINA and GABRIEL MUTAMBO KALEMBO, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons known and unknown to the Grand Jury, to commit the following offenses against the United States:

   (a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343; in violation of Title 18, United States Code, Section 1957.

## Background

At all times relevant to the Indictment:

2. The U.S. Department of Labor, Employment and Training Administration is a federal agency that provides oversight for the Federal-State Unemployment Insurance Program, which provides unemployment benefits to eligible workers who are unemployed through no fault of their own as determined under state law and who meet other state eligibility requirements. Unemployment Insurance payments, also known as benefits, are intended to provide temporary financial assistance to eligible workers.

3. The Employment Security Department of Washington State ("ESD") is the state agency that oversees the Unemployment Insurance program in Washington State. Through this agency, unemployment benefits may be issued to Washington residents who are unemployed because of a nationwide pandemic, such as the COVID-19 pandemic.

4. In general, a person seeking unemployment benefits through the ESD must complete an online application that includes, among other things, the claimant's name, date of birth, social security number, and the reason why the claimant is unemployed. To be eligible for benefits, the claimant must: (1) have been recently employed in the state of Washington in the past 12 to 18 months for a minimum of 680 hours; (2) be currently unemployed; (3) be able and available to work; and (4) be actively seeking suitable full-time employment.

5. In Washington, unemployment compensation funds are most often issued in the form of a direct deposit into the claimant's designated bank account or pre-paid debit card account.

6. In response to the COVID-19 pandemic, on or about March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. The CARES Act provides emergency financial assistance to the millions of Americans who are suffering from the economic effects caused by the COVID-19 pandemic.

7. Section 2102 of the CARES Act creates a new temporary federal program called Pandemic Unemployment Assistance ("PUA") that provides up to 39 weeks of unemployment benefits and funding to states for the administration of

the program. An individual receiving PUA benefits may also receive a $600 weekly benefit in federal funds under the Federal Pandemic Unemployment Compensation ("FPUC") program if he or she is eligible for such compensation for the week claimed. The CARES Act also includes a provision of temporary benefits for individuals who have exhausted their entitlement to regular unemployment benefits, as well as coverage for individuals who are not eligible for regular benefits, are self-employed, or have limited recent work history.

8. Company A was an accounting and tax preparation firm located in Brunswick, Georgia.

9. Company B was an accounting and tax preparation firm located in Austin, Texas.

10. Company C was an accounting and tax preparation firm located in Saint Augustine, Florida.

11. BAMIDELE MURAINA was an individual residing in the metro Atlanta area in the Northern District of Georgia.

12. GABRIEL MUTAMBO KALEMBO was an individual residing in the metro Atlanta area in the Northern District of Georgia. On or about October 17, 2018, KALEMBO incorporated a domestic limited liability company in Georgia called GK International Group LLC.

## Manner and Means

13. The Defendants, BAMIDELE MURAINA and GABRIEL MUTAMBO KALEMBO, and conspirators laundered the fraudulent proceeds from false claims for Unemployment Insurance filed with state agencies and false

4

individual tax returns filed with the Internal Revenue Service ("IRS") that used stolen personally identifiable information ("PII") for the false filings. MURAINA and KALEMBO worked with conspirators to set up financial accounts for the deposit of fraudulent proceeds and then depleted the accounts through money orders, electronic fund transfers, and cash withdrawals.

14. For the Unemployment Insurance scheme, MURAINA and conspirators filed fraudulent state unemployment claims via the Internet using stolen PII belonging to residents, who had not applied for benefits and did not authorize the use of their PII. Based on those fraudulent applications, state employment agencies, such as ESD, issued Unemployment Insurance payments to prepaid debit cards or financial accounts designated in the applications.

15. For the tax fraud scheme, MURAINA and conspirators filed fraudulent individual income tax returns via the Internet with the IRS using stolen PII belonging to individuals, which claimed large tax refunds. Based on those fraudulent applications, the IRS issued tax refunds and stimulus payments to prepaid debit cards or financial accounts designated in the applications.

16. In order to conceal the fraudulent nature, source, and control of the proceeds of the Unemployment Insurance and tax fraud schemes, the Defendants, BAMIDELE MURAINA and GABRIEL MUTAMBO KALEMBO, and conspirators set up numerous business bank accounts for the purpose of receiving funds acquired from criminal activity. The business bank accounts set up by the Defendants and conspirators were for sham companies that did not have physical premises, earn legitimate income, or pay wages to employees. The

5

Defendants and conspirators registered the sham companies with the Secretary of State of Georgia, which allowed them to open business bank accounts for those companies.

17. For example, Defendant GABRIEL MUTAMBO KALEMBO opened a JP Morgan Chase Bank, N.A. ("Chase Bank") bank account ending in 5911 in the name of GK International Group LLC, a company he incorporated, for the purpose of receiving funds acquired from criminal activity.

18. In addition, KALEMBO recruited two Zambian nationals who traveled to the United States on tourist visas to incorporate sham corporations in Georgia and open business bank accounts in the names of those sham corporations. A Chase Bank debit card ending in 6828 was linked to two business bank accounts, one of which was an account ending in 1082, created by one of these Zambian nationals.

19. When funds obtained through fraud were received into the Defendants' and conspirators' personal and business bank accounts, the Defendants and conspirators quickly depleted those illegally obtained funds through interstate and foreign wire transfers to other bank accounts, cash or check withdrawals, debit card transactions, and the purchase of money orders. By doing so, the Defendants and conspirators attempted to conceal and did conceal the source of the funds obtained illegally through the Unemployment Insurance and tax fraud schemes.

All in violation of Title 18, United States Code, Section 1956(h).

## Counts Two through Twenty
(Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))

20. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in Paragraphs 2 through 19 of this Indictment as if fully set forth herein.

21. On or about the dates listed in Column A of the table below, in the Northern District of Georgia, the Defendants, BAMIDELE MURAINA and GABRIEL MUTAMBO KALEMBO, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the transaction identified in Column B purchased with the Chase Bank debit card ending in 6828 in the amount identified in Column C, which involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

|       | A         | B                       | C        |
|-------|-----------|-------------------------|----------|
| Count | Date      | Transaction Type        | Amount   |
| 2     | 3/24/2020 | Deposit of Money Order  | $500.00  |

|    |           | ending x5033                        |            |
|----|-----------|-------------------------------------|------------|
| 3  | 3/24/2020 | Deposit of Money Order ending x5034 | $500.00    |
| 4  | 3/24/2020 | Deposit of Money Order ending x5035 | $500.00    |
| 5  | 3/24/2020 | Deposit of Money Order ending x5036 | $500.00    |
| 6  | 3/24/2020 | Deposit of Money Order ending x5037 | $500.00    |
| 7  | 3/24/2020 | Deposit of Money Order ending x4065 | $500.00    |
| 8  | 3/26/2020 | Deposit of Money Order ending x6568 | $1,000.00  |
| 9  | 3/26/2020 | Deposit of Money Order ending x6570 | $1,000.00  |
| 10 | 3/26/2020 | Deposit of Money Order ending x5868 | $1,000.00  |
| 11 | 3/27/2020 | Deposit of Money Order ending x1758 | $1,000.00  |
| 12 | 3/27/2020 | Deposit of Money Order ending x1760 | $1,000.00  |
| 13 | 3/27/2020 | Deposit of Money Order ending x1771 | $970.00    |
| 14 | 3/27/2020 | Deposit of Money Order ending x9113 | $950.00    |
| 15 | 3/27/2020 | Deposit of Money Order ending x3587 | $960.00    |
| 16 | 3/27/2020 | Deposit of Money Order ending x3565 | $1,000.00  |
| 17 | 3/30/2020 | Deposit of Money Order ending x2506 | $960.00    |
| 18 | 3/30/2020 | Deposit of Money Order ending x3576 | $1,000.00  |
| 19 | 4/1/2020  | Deposit of Money Order ending x6581 | $960.00    |

| 20 | 4/6/2020 | ATM Withdrawal | $3,000.00 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## Counts Twenty-One through Twenty-Eight
(Wire Fraud – 18 U.S.C. § 1343)

22. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in Paragraphs 2 through 19 of this Indictment as if fully set forth herein.

23. Beginning on an unknown date, but from at least on or about January 29, 2018, and continuing through at least in or about April 2020, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the Defendant, BAMIDELE MURAINA, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, and for the purpose of executing and attempting to execute such scheme and artifice, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds.

9

## The Scheme and Artifice to Defraud

24. The Defendant, BAMIDELE MURAINA, obtained unauthorized access to tax preparation software accounts held by accounting firms, including Company A, Company B, and Company C. After gaining unauthorized access to the online accounts, MURAINA stole PII belonging to the accounting firms' clients and filed fraudulent individual income tax returns in their names with the IRS via the Internet, resulting in the deposit or attempted deposit of refunds into financial accounts MURAINA controlled or had access to through intermediaries. For example, the Defendant utilized the following manner and means, among others, to accomplish the scheme and artifice to defraud in connection with Company A:

    a. Defendant MURAINA hacked into Company A and obtained login credentials to its account with a North Carolina-based tax preparation software company, which Company A used to submit tax returns to the IRS.

    b. On or about July 3, 2019, MURAINA used Company A's login credentials without authorization to log into the tax preparation software company and add an unauthorized second user account registered to an email address he controlled. This second user account permitted him to submit tax returns to the IRS that appeared to be submitted on behalf of Company A.

    c. After creating the second user account, MURAINA filed fraudulent tax returns with the IRS through the Internet using stolen PII from Company A's clients, which claimed sizable tax refunds based on false information provided

on the tax return, including fabricated income and tax payment amounts. Based on those fraudulent tax filings, MURAINA directed or attempted to direct large IRS payments to financial accounts he designated on the tax returns.

<u>Execution of the Scheme and Artifice to Defraud</u>

25. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, BAMIDELE MURAINA, having knowingly devised and intended to devise the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds, that is, the transmission of a fraudulent individual income tax return to the IRS via the Internet in the name of the individuals whose initials are specified in Column B, who were clients of the tax preparation firm specified in Column C, claiming a tax refund in the amount identified in Column D, for the purpose of executing and attempting to execute such scheme and artifice to defraud:

|       | A         | B           | C             | D             |
|-------|-----------|-------------|---------------|---------------|
| Count | Date      | Individual  | Tax Prep Firm | Refund Amount |
| 21    | 1/29/2018 | M.M. & V.M. | Company B     | $9,295.00     |
| 22    | 2/19/2020 | T.G. & S.G. | Company A     | $14,476.00    |
| 23    | 2/23/2020 | C.P.        | Company C     | $8,436.00     |

11

| 24 | 2/23/2020 | S.T. & M.T. | Company C | $8,457.00 |
| 25 | 2/29/2020 | L.P. & M.P. | Company C | $9,836.00 |
| 26 | 3/21/2020 | S.A. | Company A | $9,755.00 |
| 27 | 3/21/2020 | R.K. & A.K. | Company A | $8,814.00 |
| 28 | 3/21/2020 | C.Ha. | Company A | $8,829.00 |

All in violation of Title 18, United States Code, Sections 1343, 1349, and Section 2.

## Counts Twenty-Nine through Thirty-Four
### (Wire Fraud – 18 U.S.C. § 1343)

26. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in Paragraphs 2 through 19 of this Indictment as if fully set forth herein.

27. Beginning on an unknown date, but from at least on or about May 9, 2020, and continuing through at least on or about May 16, 2020, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the Defendant, BAMIDELE MURAINA, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, and for the purpose of executing and attempting to execute such scheme and artifice, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds.

12

## The Scheme and Artifice to Defraud

28. The Defendant, BAMIDELE MURAINA, used stolen PII belonging to Washington residents without their knowledge or authorization to submit false claims for Unemployment Insurance with ESD in their names via the Internet. Based on the submission of these false claims, ESD issued payments for Unemployment Insurance to financial accounts, which MURAINA could access through intermediaries, that had been designated by MURAINA on the fraudulent applications.

## Execution of the Scheme and Artifice to Defraud

29. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, BAMIDELE MURAINA, having knowingly devised and intended to devise the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds, that is, the transmission of fraudulent Unemployment Insurance claims to the ESD via the Internet in the name of the individuals whose initials are specified in Column B, resulting in the payment of unemployment benefits in the amounts identified in Column C to the

bank account listed in Column D, for the purpose of executing and attempting to execute such scheme and artifice to defraud:

|  | A | B | C | D |
|---|---|---|---|---|
| Count | Date | Individual | Benefit Paid | Bank Account |
| 29 | 5/9/2020 | P.H. | $9,920.00 | Chase Bank account ending in 1082 |
| 30 | 5/11/2020 | A.B. | $9,920.00 | Chase Bank account ending in 1082 |
| 31 | 5/11/2020 | M.L. | $5,104.00 | Chase Bank account ending in 1082 |
| 32 | 5/11/2020 | C.Hi. | $9,920.00 | Chase Bank account ending in 1082 |
| 33 | 5/11/2020 | C.C. | $9,920.00 | Chase Bank account ending in 1082 |
| 34 | 5/11/2020 | J.O. | $9,920.00 | Chase Bank account ending in 1082 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts Thirty-Five through Thirty-Eight
### (Theft of Government Funds – 18 U.S.C. § 641)

30. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in Paragraphs 2 through 19 and 24 through 25 of this Indictment as if fully set forth herein.

31. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, BAMIDELE MURAINA, aided and abetted by others known and unknown to the Grand Jury, did embezzle, steal, purloin, and knowingly convert to his own use and the use of another money of the United States, namely, funds, in the amounts listed

below in Column C, administered by the Department of the Treasury in the form of federal tax refunds in the names of the individuals whose initials are listed in Column B, which were deposited into the bank accounts listed in Column D, which funds Defendant was not entitled to receive::

| | A | B | C | D |
|---|---|---|---|---|
| Count | Date | Individual | Refund Amount | Bank Account |
| 35 | 1/29/2018 | M.M. & V.M. | $9,295.00 | Civista Bank account ending in 6923 |
| 36 | 2/23/2020 | C.P. | $8,436.00 | Chase Bank account ending in 0771 |
| 37 | 3/21/2020 | S.A. | $9,755.00 | Chase Bank account ending in 1082 |
| 38 | 3/21/2020 | R.K. & A.K. | $8,814.00 | Chase Bank account ending in 1082 |

All in violation of Title 18, United States Code, Section 641 and Section 2.

## Counts Thirty-Nine through Fifty-Two
### (Aggravated Identity Theft – 18 U.S.C. § 1028A)

32. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in Paragraphs 2 through 19, 24 through 25, and 28 through 31 of this Indictment as if fully set forth herein.

33. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, BAMIDELE MURAINA, aided and abetted by others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, social security

15

number, and date of birth of the persons whose initials are specified in Column B, during and in relation to the commission of the felony offense of wire fraud in violation of Title 18, United States Code, Section 1343, and theft of government funds in violation of Title 18, United States Code, Section 641, as set forth in the corresponding counts identified in Column C:

|       | A         | B           | C            |
|-------|-----------|-------------|--------------|
| Count | Date      | Individual  | Felony Count |
| 39    | 1/29/2018 | M.M. & V.M. | 21 and 35    |
| 40    | 2/19/2020 | T.G. & S.G. | 22           |
| 41    | 2/23/2020 | C.P.        | 23 and 36    |
| 42    | 2/23/2020 | S.T. & M.T. | 24           |
| 43    | 2/29/2020 | L.P. & M.P. | 25           |
| 44    | 3/21/2020 | S.A.        | 26 and 37    |
| 45    | 3/21/2020 | R.K. & A.K. | 27 and 38    |
| 46    | 3/21/2020 | C.Ha.       | 28           |
| 47    | 5/9/2020  | P.H.        | 29           |
| 48    | 5/11/2020 | A.B.        | 30           |
| 49    | 5/11/2020 | M.L.        | 31           |
| 50    | 5/11/2020 | C.Hi.       | 32           |
| 51    | 5/11/2020 | C.C.        | 33           |
| 52    | 5/11/2020 | J.O.        | 34           |

All in violation of Title 18, United States Code, Section 1028A and Section 2.

## Forfeiture Provision

34. Upon conviction of one or more of the offenses in Counts One through Twenty of this Indictment, the Defendants, BAMIDELE MURAINA and GABRIEL

16

MUTAMBO KALEMBO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offense(s), and any property traceable to such property, including, but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the total amount of money involved in each offense for which the Defendant is convicted.

(b) CURRENCY:
   a. $3,600.00 in United States currency seized on or about July 8, 2020.
   b. 500 British Pounds seized on or about July 8, 2020.

(c) PERSONAL PROPERTY:
   a. Two (2) new iPhone 11 seized on or about July 8, 2020.
   b. Five (5) new iPhone 11 Pro seized on or about July 8, 2020.
   c. One (1) diamond Rolex Watch, serial number 5854308 seized on or about July 8, 2020.
   d. One (1) diamond heart pendant seized on or about July 8, 2020.
   e. Four (4) $1,000.00 United States Postal Service Money Orders seized on or about July 8, 2020.

35. Upon conviction of the offense alleged in Counts Twenty-One through Thirty-Four of this Indictment, the Defendant, BAMIDELE MURAINA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds

obtained directly or indirectly as a result of the offense, including, but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency, representing the total amount of money involved in each offense for which the Defendant is convicted.

(b) CURRENCY:
   a. $3,600.00 in United States currency seized on or about July 8, 2020.
   b. 500 British Pounds seized on or about July 8, 2020.

(c) PERSONAL PROPERTY:
   a. Two (2) new iPhone 11 seized on or about July 8, 2020.
   b. Five (5) new iPhone 11 Pro seized on or about July 8, 2020.
   c. One (1) diamond Rolex Watch, serial number 5854308 seized on or about July 8, 2020.
   d. One (1) diamond heart pendant seized on or about July 8, 2020.
   e. Four (4) $1,000.00 United States Postal Service Money Orders seized on or about July 8, 2020.

36. Upon conviction of the offense alleged in Counts Thirty-Five through Thirty-Eight of this Indictment, the Defendant, BAMIDELE MURAINA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, constituting or derived from proceeds traceable to the offense, including, but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency, representing the total amount of money involved in each offense for which the Defendant is convicted.

(b) CURRENCY:

    a. $3,600.00 in United States currency seized on or about July 8, 2020.

    b. 500 British Pounds seized on or about July 8, 2020.

(c) PERSONAL PROPERTY:

    a. Two (2) new iPhone 11 seized on or about July 8, 2020.

    b. Five (5) new iPhone 11 Pro seized on or about July 8, 2020.

    c. One (1) diamond Rolex Watch, serial number 5854308 seized on or about July 8, 2020.

    d. One (1) diamond heart pendant seized on or about July 8, 2020.

    e. Four (4) $1,000.00 United States Postal Service Money Orders seized on or about July 8, 2020.

37. If, as a result of any act or omission of the Defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without undue complexity or difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

A ___TRUE___ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

*/s/ Nathan P. Kitchens*

NATHAN P. KITCHENS
*Assistant United States Attorney*
Georgia Bar No. 263930

*/s/ Sarah E. Klapman*

SARAH E. KLAPMAN
*Assistant United States Attorney*
Georgia Bar No. 437221

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

20