# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| BAMIDELE MURAINA | Case Number: 1:20-cr-00284-01-WMR-RDC  USM Number: 73257-019 |
| | Jessica Stern  <br> Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to counts 35, 39.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 641 and 2 | PUBLIC MONEY, PROPERTY OR RECORDS | 1/29/2018 | 35 |
| 18 U.S.C. § 1028A and 2 | FRAUD WITH IDENTIFICATION DOCUMENTS | 1/29/2018 | 39 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1-34; 36-38; 40-52 are dismissed pursuant to S.O. 07-04.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

8/31/2021
Date of Imposition of Judgment

*William M. Ray II* (signature)
Signature of Judge

WILLIAM M. RAY, U. S. DISTRICT JUDGE
Name and Title of Judge

9/2/2021
Date

DEFENDANT:   BAMIDELE MURAINA
CASE NUMBER:   1:20-cr-00284-01-WMR-RDC

Judgment -- Page **2** of **7**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **FORTY-SIX (46) MONTHS as to Count 35 and TWENTY-FOUR (24) MONTHS as to Count 39, to run consecutively for a total term of FORTY-SIX (46) MONTHS.**

The court makes the following recommendations to the Bureau of Prisons:  Placement in the Residential Drug Abuse Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  BAMIDELE MURAINA  
CASE NUMBER:  1:20-cr-00284-01-WMR-RDC                                                Judgment -- Page **3** of **7**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **THREE (3) YEARS as to Count 35 and ONE (1) YEAR as to Count 39, to run consecutively for a total term of THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  BAMIDELE MURAINA
CASE NUMBER:  1:20-cr-00284-01-WMR-RDC                                                                                                 Judgment -- Page **4** of **7**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____ Date _____

USPO's Signature _____ Date _____

DEFENDANT:   BAMIDELE MURAINA
CASE NUMBER:  1:20-cr-00284-01-WMR-RDC                                                              Judgment -- Page **5** of **7**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must complete 300 hours of community service. The probation office will supervise your participation in the program.  You must provide written verification of completed hours to the probation officer.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must pay any ordered financial penalties in accordance with the Schedule of Payments sheet of the Judgment. Payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.  Any balance that remains unpaid at the commencement of the term of supervision shall commence within 60 days after release from imprisonment on the following terms: payable at a rate of no less than $150.00 monthly plus 25% of gross income in excess of $2,500 per month to the U.S. District Court Clerk. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must refrain from excessive use of alcohol.

DEFENDANT: BAMIDELE MURAINA
CASE NUMBER: 1:20-cr-00284-01-WMR-RDC                                    Judgment -- Page **6** of **7**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

**Special Assessment**

TOTAL        $200.00

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court waives the fine and cost of incarceration in this case.

**Fine**

TOTAL        $0

**Restitution**

TOTAL        $561,125.62 jointly and severally with co-defendants.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered |
|---|---|
| Internal Revenue Service<br>ATTN: Mail Stop 6261, Restitution<br>333 W. Pershing Avenue<br>Kansas City, Missouri 64108 | $296,657.62 |
| Washington State Employment Security Department<br>Attn.: Kimberly T. Green<br>MS46000, P.O. Box 9046<br>Olympia, WA 98507 | $264,468.00 |
| TOTAL: | $561,125.62 |

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BAMIDELE MURAINA
CASE NUMBER: 1:20-cr-00284-01-WMR-RDC                                                                   Judgment -- Page **7** of **7**

Judgment in a Criminal Case
Sheet 6 -- Schedule of Payments

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A.  ☐ Lump sum payment of $ due immediately, balance due:
    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B.  ☑ Payment to begin immediately (may be combined with: ☐ C, ☐ D, or ☑ F below): or

C.  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after the date of this judgment; or

D.  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E.  ☐ Payment during the term of supervised release will commence within _____ days *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F.  ☑ Special instructions regarding the payment of criminal monetary penalties:

    Any restitution payment made that is not payment in full, must be paid in monthly installments from any wages earned in prison, during any period of incarceration, and must be paid, at a minimum, the greater of $25 or 50% of the deposits in the inmate trust account per quarter. Any portion of the restitution that is not paid in full at the time of release from imprisonment, including a halfway house, will become a condition of supervision and be paid to the Clerk, U.S. District Court, Northern District of Georgia for distribution to the victims at a monthly rate of $150 plus 25% of gross income in excess of $2,500 per month ($30,000 per year).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐      Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐      The defendant shall pay the cost of prosecution.

☐      The defendant shall pay the following court cost(s):

☐      The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BAMIDELE MURAINA | Criminal Action No.<br><br>1:20-CR-284-WMR-RDC |

**PRELIMINARY ORDER OF FORFEITURE**

Bamidele Muraina has pled guilty to Counts Thirty-Five and Thirty-Nine of the Indictment, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and this Court has determined that the property described below is subject to forfeiture pursuant thereto and that the Government has established the requisite nexus between said property and the offenses charged in Counts Thirty-Five and Thirty-Nine of the Indictment.

ACCORDINGLY, IT IS HEREBY ORDERED that Bamidele Muraina shall forfeit to the United States the following property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

 a. One diamond Rolex watch, serial number 5854308, seized on or about July 8, 2020;

 b. One Men's 10 Karat 18.5 Inch White Gold Necklace seized on or about July 8, 2020;

 c. One diamond heart pendant seized on or about July 8, 2020;

d.  Four $1,000.000 United States Postal Service Money Orders seized on or about July 8, 2020;

e.  $75,058.04 in funds seized from JP Morgan Chase ("JPMC") Bank account number XXXXX5812 held in the name of RENF Lawn Taxes LLC;

f.  $82,241.29 in funds seized from JPMC Bank account number XXXXX1082 held in the name of RENF Lawn Taxes LLC;

g.  $34,031.87 in funds seized from JPMC Bank account number XXXXX0771 held in the name of Johnson Lawn Tax LLC; and

h.  $20.84 in funds seized from JPMC Bank account number XXXXX2823 held in the name of Johnson Lawn Tax LLC.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any person, other than the named Defendant, asserting a legal interest in the property

may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this __2__ day of __SEPTEMBER__, 2021.

*William M. Ray II*

WILLIAM M. RAY II
UNITED STATES DISTRICT JUDGE

Submitted by:

/s/ Nathan P. Kitchens
Nathan P. Kitchens
Assistant United States Attorney